Froessel, J. (dissenting).
I dissent and vote to reverse the orders below, with costs, and to grant the Sheriff’s motion for poundage as against the plaintiff herein, but not against his attorney, since this is not a plenary action (McCloskey v. Bril, 1 N Y 2d 755).
On December 13, 1955 an execution was issued to the Sheriff on a judgment recovered by plaintiff in the sum of $16,776.88 *39 against defendant Cyrus Aquino. On December 14, 1955 the Sheriff levied on a debt, evidenced by a bond and first mortgage on premises 389 Broome Street, New York City, owing to defendant Aquino by 389 Broome Street, Inc. The debtor, by Aniello N. Aquino, its secretary, on December 21, 1955 certified to the Sheriff that the unpaid balance of said bond and mortgage was $16,500, payable in quarterly installments of $250, with interest. It appears that the unpaid balance of the mortgage becomes due in June, 1964. A copy of the debtor’s certificate was mailed to plaintiff’s attorney on December 23, 1955.
Neither plaintiff nor her attorney took any further action with respect to said execution and levy, and, by plaintiff’s having omitted to commence an action for the recovery of the debt evidenced by the bond and mortgage within 120 days pursuant to subdivision 7 of section 687-a of the Civil Practice Act, or to obtain an order .extending the time so to do, the levy became void, except as to any payments theretofore made.
Subdivision 19 of section 1558 of the Civil Practice Act then provided that “ where an execution has been vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon ’’ (emphasis supplied). It did not provide, as did subdivision 18 immediately preceding, in the case of a levy under a warrant of attachment, that where the warrant ‘1 is vacated or set aside by order of the court, the sheriff is entitled to poundage ” (emphasis supplied).
Hence it seems to me quite clear that when in dealing with levies on executions the Legislature omitted from subdivision 19 the words “ by order of the court ” after the words “ vacated or set aside ” it intended to include executions “ vacated ” in any manner provided by law. That would include a levy under an execution rendered void by operation of subdivision 7 of section 687-a of the Civil Practice Act. Additional judicial action is not provided for by the plain language of the statute, and we may not infer it.
To hold otherwise would permit litigants to escape their statutory obligation to pay poundage after the aid of the Sheriff has been invoked, and his service has been rendered, by simply waiting 120 days after the issuance of an execution to the Sheriff.
*40 Judges Desmond, Fuld, Van Voorhis and Burke concur with Judge Dye; Judge Froessel dissents in an opinion in which Chief Judge Conway concurs.
Order affirmed.